UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**BRIAN COLLISTER,**	)(
**Plaintiff**

)(	CASE NO.   1:19-cv-00350

**V.**

)(

**KXAN & NEXSTAR, et al**
**Respondent**	)(

## MOTION FOR HEARING FOR POSSIBLE DISQUALIFICATION OF OPPOSING COUNSEL

Now comes <u>Brian Collister</u>, Plaintiff *pro se*, and requests the Court to hold a hearing regarding the possible disqualification of opposing counsel, William L. Davis, based on the fact Plaintiff must call Davis as a *fact witness*.

I.

Davis was overheard, and unintentionally recorded, by Plaintiff on December 15, 2017 orchestrating and perpetrating the "corruption, fraud, or undue means" activity which permits this Court to vacate the arbitrator's award in this matter as stated in the Federal Arbitration Act (9 U.S.C. § 10) as outlined in Plaintiff's original petition.

Davis was clearly heard by Plaintiff instructing his clients on how to fraudulently cover-up the true reason for Plaintiff's firing; retaliation for the EEOC

complaint and arbitration case filed by Plaintiff while employed.  Davis is heard directing the creation of a fraudulent and false narrative, which was later carried out by his clients, to terminate Plaintiff by fabricating untrue "lack of performance" issues.  The fraudulent scheme was created so Defendants could fire Plaintiff  "for cause" and therefore avoid paying out the remainder of his employment contract

II.

The statements of Davis, evidencing a fraudulent plan as claimed in Plaintiff's Original Petition, are memorialized in **Plaintiff Collister's declaration**, which is attached hereto as EXHIBIT 1 and incorporated herein as if set forth at length.  **Texas Disciplinary Rules of Professional Conduct (TDRPC)** are applicable to proceedings in this Court, and the applicable **Rule 3.08** is attached hereto as EXHIBIT 2 and incorporated herein as if set forth at length.

Pursuant to the local rules, the standards of professional conduct set out in the TDRPC are binding upon attorneys practicing in the U.S. District Court for the Western District.  See U.S. v. Lucio, 996 F.Supp. 2nd 514, 524 (S.D. Tex 2013).

III.

This Court should be informed from the outset that Mr. Davis **will** be called by Plaintiff as a witness in discovery and trial, because he was present at the event that is the crux of Plaintiff's cause of action, which makes him a fact witness.   It is

unclear to Plaintiff if Mr. Davis's status as a witness will materially affect Plaintiff's ability to prosecute his case. Plaintiff has understandably been unable to answer that question through conversations with Mr. Davis most likely due to our present adversarial positions. Plaintiff cannot determine what is fact (from Davis as a fact witness) and what is advocacy (from Davis as a lawyer for Nexstar).

In that Plaintiff has been unable to determine the weight of Mr. Davis's future testimony as a fact witness, and therefore his effect on Plaintiff prosecuting his case, Plaintiff cannot adequately determine whether or not he should object to Mr. Davis's as attorney for Nexstar. Plaintiff must bring this matter before this Court now in order to be guided by this Court's decision as to how to prosecute the case; whom to subpoena and what documents to request in discovery.

Plaintiff does not wish to waste this Court's time with a Motion to Disqualify, or deprive the Defendants of their chosen counsel, if Davis's status as a witness and counsel will not materially affect Plaintiff's prosecution of his case. Plaintiff does not wish to harass or annoy Defendants or Mr. Davis, but to sincerely and honestly answer the question of whether Mr. Davis can offer substantive testimony and whether that hurts or helps Plaintiff's case.

This is a question of fact for this Honorable Court as fact-finder to make. Plaintiff cannot determine if Mr. Davis's recent obfuscation on this question is

because he is a reluctant fact witness, possessing material testimony that is adverse to his client's interests, or he is an advocate for his client.

Plaintiff is specifically referring to Davis's intentionally misleading statement on PAGE 7 of his answer to Plaintiff's original petition which he filed with this court on April 1, 2019 and which is attached hereto as EXHIBIT 3. In his statement to the court, Davis deftly avoids <u>*confirming or denying his statements*</u> when referencing claims stated in Plaintiff's Original Petition. The evidence will show Davis can clearly be heard in his own voice stating to his clients: *"Everything really is written from here forward is not actually for his eyes, it's for the arbitrator's eyes. Who can think, wow, this guy is unreasonable"* **AND** *"What you're looking for are performance issues with no connection to ADHD, this is our biggest opportunity."*

In his answer to this court, Davis does not address or deny his statements directing his clients in the scheme. In fact, Davis has *never denied* what he can clearly be heard saying since receiving a copy of the recording during discovery in the arbitration at issue (motion to vacate award) before this court. Instead, to avoid self-incrimination, Davis attributes the only denial to date, to the very clients he was directing in the scheme to fraudulently terminate Plaintiff. Davis writes on PAGE 7: ***"The Nexstar Defendants admit that Plaintiff filed grievances with the State Bar of Texas and the Louisiana State Bar***

***Association, but deny that there was any basis for the charges, or any fraud, collusion or misconduct as alleged in the last paragraph of this section."*** Plaintiff would simply like to point out, this is essentially the equivalent of Davis swearing to this court: <u>*that the client he directed in the fraud deny there was any fraud.*</u>

Based on Davis's misleading "denial", only this Court, with the ability to hold a hearing and place witnesses under oath, is in a position to answer the question of Mr. Davis's continued representation of Defendants.

Plaintiff assures this court, that he will present crystal clear evidence that proves beyond a reasonable doubt that Davis's "legal advice" was used in furtherance of an illegal or fraudulent activity and he participated in a fraudulent business scheme with a client with conduct foreign to the duties of a lawyer.

As noted by the American Bar Association, my motion is purely intended to accomplish the following: **<u>Threshold showing.</u>** In weighing preservation of the attorney-client privilege against the legal basis for the crime-fraud exception, the Zolin court, U.S. v. Zolin, 491 U.S. 554, 562-63 (1989), found that "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." Id. at 572. This is generally done by a motion, with additional support for the proposition that the

communications were given as advice for the commission of a fraud or crime. Id. at 564; see also In re BankAmerica Corp. Sec. Litig., 270 F.3d 639, 642 (8th Cir. 2001).

**Deciding whether to conduct an in camera review.** This is a decision based on a number of factors, such as the volume of materials the court is asked to review, the relevance of the allegedly privileged material, and the likelihood the evidence will establish that the crime-fraud exception applies. Zolin at 572.

**Applying the crime-fraud exception.** If the court decides to exercise its discretion to review the documents, it must determine whether the documents show "that the legal advice has been obtained in furtherance of an illegal or fraudulent activity." In re Green Grand Jury Proceedings, 492 F.3d 976, 982-83 (8th Cir. 2007). If the answer is yes, the court will order the production of the documents and the privilege is lost.

While Nexstar has the right to choose their attorney, and provide an affidavit to Davis that they waive any potential conflict with his being a witness AND their attorney, it should be balanced against the Plaintiff's ability to prosecute his case.

WHEREFORE, premises considered, the Plaintiff moves this Court to set this matter for a hearing, hear testimony, and then rule on whether Mr. Bill

Davis, as well as the entire Jackson Lewis law firm, should be disqualified from representing the Defendant's in this matter.

                                          Respectfully Submitted,

Executed: July 5, 2019

                                          /S/ *Brian Collister*
                                          Brian Collister,
                                          Petitioner, *Pro Se*

# EXHIBIT 1

# DECLARATION OF BRIAN COLLISTER

I, Brian Collister, am over the age of eighteen and understand the obligations of an oath. I hereby state the following pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury that:

I was summoned to the office of KXAN General Manager Eric Lassberg on December 15, 2017. But upon arriving for the meeting, the door was closed, and secretary gone from her desk in the waiting area. So, I waited based on the fact my ultimate supervisor had instructed me to come to his office.

It immediately became clear that an extraordinarily loud conversation was taking place in the office, the general manager and news director were blasting a speaker phone at full volume and were easily – and clearly - heard by me in the very small waiting area, and all the way into the adjacent hallway.

I clearly heard Davis instructing my supervisors on exactly how to get away with retaliating against me for the EEOC complaint and arbitration case I had previously filed by following directions by following his plan to create a fraudulent premise by which to terminate me. I heard Davis outline the steps of his scheme, which were ultimately carried out by KXAN management, to intentionally fabricate untrue "lack of performance" issues so they could fire me

*for cause* and therefore avoid paying out the remainder of my employment contract.

During this conversation I clearly heard Davis state the following, verbatim:

*<u>"Everything really is written from here forward is not actually for his eyes, it's for the arbitrator's eyes. We can think, wow, this guy is unreasonable."</u>* [and] *<u>"What you're looking for are performance issues with no connection to ADHD, this is our biggest opportunity."</u>*

I also clearly heard Davis offer to ghost write fake negative employee disciplinary actions; to encourage news director Chad Cross to falsely claim my work was unethical; and instruct Cross to seek out any negative feedback from co-workers and document them to "paper me". Finally, I clearly heard Davis state, verbatim: <u>**"he [Collister] won't be working there much longer"**</u>.

 I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2019

By:  /S/ *Brian Collister*

Brian Collister

# EXHIBIT 2

**Texas Disciplinary Rules of Professional Conduct. 3.08. Lawyer as Witness**

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; (4) the lawyer is a party to the action and is appearing pro se; or (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure. (c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding 71 in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate

under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.

Comment: 1. A lawyer who is considering accepting or continuing employment in a contemplated or pending adjudicatory proceeding in which that lawyer knows or believes that he or she may be a necessary witness is obligated by this Rule to consider the possible consequences of those dual roles for both the lawyer's own client and for opposing parties. 2. One important variable in this context is the anticipated tenor of the lawyer's testimony. If that testimony will be substantially adverse to the client, paragraphs (b) and (c) provide the governing standard. In other situations, paragraphs (a) and (c) control. 3. A lawyer who is considering both representing a client in an adjudicatory proceeding and serving as a witness in that proceeding may possess information pertinent to the representation that would be substantially adverse to the client were it to be disclosed. A lawyer who believes that he or she will be compelled to furnish testimony concerning such matters should not continue to act as an advocate for his or her client except with the client's informed consent, because of the substantial likelihood that such adverse testimony would damage the lawyer's ability to represent the client effectively. 4. In all other circumstances, the principal concern over allowing a lawyer to serve as both an advocate and witness for a client is the possible confusion that those dual roles could create for the finder of fact.

Normally those dual roles are unlikely to create exceptional difficulties when the lawyer's testimony is limited to the areas set out in sub-paragraphs (a)(1)-(4) of this Rule. If, however, the lawyer's testimony concerns a controversial or contested matter, combining the roles of advocate and witness can unfairly prejudice the opposing party. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof. 5. Paragraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Paragraph (a)(2) recognizes that similar considerations apply if a lawyer's testimony relates solely to a matter of formality and there is no reason to believe that substantial opposing evidence will be offered. In each of those situations requiring the involvement of another lawyer would be a costly procedure that would serve no significant countervailing purpose. 6. Sub-paragraph (a)(3) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony. Sub-paragraph (a)(4) makes it clear that this Rule is

not intended to affect a lawyer's right to self representation. 72 7. Apart from these four exceptions, sub-paragraph (a)(5) recognizes an additional exception based upon a balancing of the interests of the client and those of the opposing party. In implementing this exception, it is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. For example, sub-paragraph (a)(5) requires that a lawyer relying on that sub-paragraph as a basis for serving as both an advocate and a witness for a party give timely notification of that fact to opposing counsel. That requirement serves two purposes. First, it prevents the testifying lawyer from creating a "substantial hardship," where none once existed, by virtue of a lengthy representation of the client in the matter at hand. Second, it puts opposing parties on notice of the situation, thus enabling them to make any desired response at the earliest opportunity. 8. This rule does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal. To minimize the possibility of unfair prejudice to an opposing party, however, the Rule prohibits any testifying lawyer who could not serve as an advocate from taking an active role before the tribunal in the presentation of the matter. See paragraph (c). Even in those situations, however, another lawyer in the testifying lawyer's firm may act as an advocate, provided the client's informed consent is obtained. 9. Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification. As a

disciplinary rule it serves two principal purposes. The first is to insure that a client's case is not compromised by being represented by a lawyer who could be a more effective witness for the client by not also serving as an advocate. See paragraph (a). The second is to insure that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the client's cause. See paragraph (b). 10. This Rule may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles. However, it should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice. For example, a lawyer should not seek to disqualify an opposing lawyer under this Rule merely because the opposing lawyer's dual roles may involve an improper conflict of interest with respect to the opposing lawyer's client, for that is a matter to be resolved between lawyer and client or in a subsequent disciplinary proceeding. Likewise, a lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness. Such unintended applications of this Rule, if allowed, would subvert its true purpose by converting it into a mere tactical weapon in litigation.

# Exhibit 3

Case 1:19-cv-00350-LY Document 4 Filed 04/01/19 Page 15 of 9

g. The Nexstar Defendants deny the allegations contained in the third full paragraph on page 5 of the Petition (which begins with "It's a violation).

h. With respect to the allegations in the fourth full paragraph of page 5 of the Petition (which begins "The Federal Arbitration"), and which concludes on page 6 of the Petition, the Nexstar Defendants deny that Plaintiff's interpretation of the FAA is accurate. The Defendants deny the remaining allegations contained in this paragraph.

i. With respect to the section of the Petition beginning on page 6 of the Petition (titled "2) The Arbitrator refused to hear evidence…"), the Nexstar Defendants admit the allegations contained in the first three sentences. The Nexstar Defendants deny the allegations in the remainder of this paragraph up to the quote from the Final Award in the box on page 7.

j. With respect to the section of the Petition beginning on page 7 of the Petition (titled "3) The Arbitrator allowed…"), the Nexstar Defendants admit that Plaintiff filed a charge of discrimination with the EEOC, that Collister illegally recorded a private meeting, that there was an email stating "heading up," that Plaintiff consulted with a counselor, and that Ms. Steading testified that conversations can be heard when the door is closed. The Nexstar Defendants admit that the illegal recording itself was not admitted into evidence, but deny that Plaintiff was denied the opportunity to testify as to what he heard, or offer evidence from his "notes." The Nexstar Defendants admit that the arbitrator stated that the recording itself would not impact her decision. ==The Nexstar Defendants admit that Plaintiff filed grievances with the State Bar of Texas and the Louisiana State Bar Association, but deny that there was any basis for the charges, or any fraud, collusion or misconduct as alleged in the last paragraph of this section.==

**DEFENDANTS KXAN-TV, NEXSTAR MEDIA GROUP, INC., CHAD CROSS AND ERIC LASSBERG'S ANSWER TO PLAINTIFF'S AMENDED PETITION AND MOTION TO VACATE ARBITRATION AWARD**            **PAGE 7**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**BRIAN COLLISTER,** )(
**Plaintiff**

)(   CASE NO.   1:19-cv-00350

**V.**

)(

**KXAN & NEXSTAR, et al**

**Respondent**

## CERTIFICATE OF SERVICE

I, _____Brian William Collister_____, Plaintiff pro se, do here by certify that on the ____5th____ Day of _____July_____, 2019_____, a true and correct copy of the foregoing pleading was forwarded to , the attorney for (Defendant) by Notice of Electronic Filing (NEF) and email sent by Plaintiff at the following email address: William.Davis@jacksonlewis.com .

William L. Davis, Esq. State Bar No. 05563800
davisw@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

Dated:   7/5/2019

/S/ *Brian Collister*
Signature of Plaintiff

51

**Rev. Ed. October 26, 2017**