**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| BRIAN W. COLLISTER, | § | |
| Plaintiff, | § | |
| V. | § | 1:19-CV-000350-DAE-ML |
| | § | |
| KXAN-TV, NEXSTAR MEDIA | § | |
| GROUP, INC., | § | |
| CHAD CROSS, INDIVIDUALLY, | § | |
| ERIC LASSBERG, INDIVIDUALLY, | § | |
| AND CATHERINE STONE, | § | |
| INDIVIDUALLY, | § | |
| Defendants. | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE DAVID EZRA
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Motion to Disqualify Counsel (Dkt. #10), Defendants'
Motion to Confirm Arbitration Award (Dkt. #16), Plaintiff's Motion to Compel Discovery (Dkt.
#19), and Defendants' Motion for a Protective Order (Dkt. #28). After reviewing the pleadings,
the relevant case law, and the entire case file, the undersigned determines this court lacks subject-
matter jurisdiction over Plaintiff's suit and issues the following Report and Recommendation to
the District Court.

I.    **BACKGROUND**

Proceeding pro se, Plaintiff Brian Collister ("Plaintiff") filed this lawsuit against KXAN-
TV and the other listed defendants (collectively, "KXAN-TV Defendants")[1] to vacate an
arbitration award.

---

[1] Catherine Stone was not served with process and is thus not a party to this suit. Therefore, "KXAN-TV
Defendants" includes only KXAN-TV, Nexstar Media Group, Inc., Chad Cross, and Eric Lassberg.

Plaintiff is an investigative reporter formerly employed by KXAN-TV pursuant to the terms of a "Performer Employment Agreement." Dkt. #16 at 1-2.  Upon his termination, Plaintiff sought recovery against KXAN-TV and Eric Lassberg for "failure to make reasonable accommodations under the Americans with Disabilities Act ["ADA"], . . . retaliatory discharge and breach of employment contract." [2]  Dkt. #3-2 at 74. Pursuant to a binding arbitration clause in Plaintiff's Performer Employment Agreement, Dkt. #16-2 at 2, Plaintiff's claims were arbitrated in an evidentiary arbitration hearing held from November 12 through November 16, 2018, before selected arbitrator Catherine Stone. Dkt. #3-2 at 75. On February 1, 2019, arbitrator Stone rendered her Final Arbitration Award ("Award"), denying Plaintiff relief, ruling for KXAN-TV and Eric Lassberg on all grounds, and finding that Plaintiff's claims under the ADA, for retaliatory discharge, and for breach of employment contract were "without legal or factual support." Dkt. #3-1 at 35.

On March 13, 2019, Plaintiff filed his Amended Petition and Motion to Vacate Arbitration Award with the 345th Judicial District Court of Travis County, Texas. Dkt. #3-2 at 74. On March 25, 2019, KXAN-TV Defendants removed the case to this court based on federal question jurisdiction. Dkt. #1 at 1, 2. Plaintiff did not challenge removal nor jurisdiction. Several motions were referred to the undersigned. However, review of the relevant law raised questions regarding this court's subject matter jurisdiction. As a result, the undersigned ordered both parties to brief the issue of subject-matter jurisdiction. To that effect, KXAN-TV Defendants filed Defendants' Statement Regarding Jurisdiction, Dkt. #31, and Plaintiff filed Plaintiff's Response, Dkt. #32.

---

[2] Plaintiff arbitrated against only Defendants Eric Lassberg and KXAN-TV. Dkt. #3-1 at 29. In this case to vacate the arbitration award, Plaintiff has added Defendants Nexstar Media Group, Inc., Chad Cross, and Catherine Stone. Dkt. #3-2 at 74 (Amended Petition and Motion to Vacate Arbitration Award). Nexstar is the parent company of KXAN-TV. *Id.* Chad Cross is the news director of KXAN-TV. Dkt. #10 at 9. Catherine Stone, the arbitrator in the underlying arbitration, was not served with process and is thus not a proper party to this case.

Upon review of the record, this court raises sua sponte that it lacks subject matter jurisdiction in this case.

## II.   SUBJECT-MATTER JURISDICTION

### A.  Applicable Law

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1988). Accordingly, courts are obligated under 28 U.S.C. § 1447(c) to remand a case "[i]f *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c) (emphasis added). Even when parties fail to challenge the existence of jurisdiction themselves, the court "must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 618 (N.D. Tex. 2007); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (holding that when considering subject matter jurisdiction, "courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented"); *Tex. Div., Sons of Confederate Veterans v. Vandergift*, 759 F.3d 388, 392 (5th Cir. 2014) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction sua sponte."), *rev'd on other grounds*, 135 S. Ct. 2236 (2015).

In the absence of diversity jurisdiction,[3] federal question jurisdiction is required for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws,

---

[3] KXAN-TV Defendants removed under federal question jurisdiction. Dkt. #1. They cannot establish diversity jurisdiction because Plaintiff pleaded that both he and all but one defendant are residents of Texas. Dkt. #3-2 at 74-75; *see McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (28 U.S.C. § 1332 requires complete diversity of citizenship, that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant).

or treaties of the Unites States." 28 U.S.C. § 1331. Consequently, a case may be removed from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law. *See* 28 U.S.C. § 1441; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. In making such a determination, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno*, 276 F.3d at 723). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey*, 719 F.3d at 397.

## B.  Analysis

### 1.  Jurisdiction under the well-pleaded complaint rule

KXAN-TV Defendants argue that the well-pleaded complaint rule is satisfied because "[t]he 'case' as pled in Plaintiff's Petition and incorporated Final Award involves claims under the ADA and FMLA," which Plaintiff seeks to vacate under the FAA and "asks to litigate in court." Dkt. #31 at 1-2. Properly noting that Plaintiff's Amended Petition and Motion to Vacate Arbitration Award ("Complaint") is the operative pleading for this inquiry, KXAN-TV Defendants further argue that the undersigned should view Plaintiff's Motion for Disqualification of Opposing Counsel, Dkt. #10, a motion filed so that counsel may be called as a witness in this case, as

4

evidence that this "is not a typical motion to vacate an arbitration award – [Plaintiff] has filed a lawsuit seeking to litigate his [federal] claims in court." Dkt. #31 at 2.

As demonstrated by the title of Plaintiff's Complaint and his Prayer for Relief, the objective of Plaintiff's suit is for the "[c]ourt [to] enter an order vacating the arbitrator's award and granting it [*sic*] such other and further relief at law or in equity to which it may be entitled." Dkt. #3-2 at 74, 83. Plaintiff's Complaint contains three bases for vacating the Award: (1) he was not afforded an opportunity to cross-examine a witness, *id.* at 76; (2) the arbitrator refused to hear evidence material to the controversy, *id.* at 79; and (3) "[t]he Arbitrator allowed the award to be obtained by corruption, fraud, or other undue means," *id.* at 80. Each of Plaintiff's claims is derived almost verbatim from the text of the Texas Arbitration Act ("TAA"), Federal Arbitration Act ("FAA"), or the Administrative Dispute Resolution Act ("ADRA").[4] TEX. CIV. PRAC. & REM. CODE. § 171.047; 9 U.S.C. § 10; 5 U.S.C. § 579; Dkt. #3-2 at 75-76, 78. Outside these statutes – the TAA, FAA, and ADRA[5] – Plaintiff's Complaint does not cite nor seek relief under any other body of law. *See* Dkt. #3-2. Accordingly, as summarized in Plaintiff's Prayer for Relief, this suit brought by pro se Plaintiff is a suit to vacate the Award under the FAA and TAA.

---

[4] Concerning the first basis, Plaintiff's Complaint states "[t]he Federal Arbitration Act 5 U.S. Code § 579 (Arbitration proceedings) also requires all of the parties to [*sic*] arbitration are entitled to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing." Dkt. #3-2 at 78. However, title 5 of the U.S.C. is not the FAA, but the Administrative Dispute Resolution Act ("ADRA"). *See* 5 U.S.C. § 571, *et seq.* The ADRA applies only to agencies and administrative programs using alternative dispute resolutions, *see* 5 U.S.C. § 572, and is therefore not applicable to this case.
   Plaintiff's first claim, "[t]he Arbitrator violated Plaintiff's right to cross-examine key witness," Dkt. #3-2 at 76, is strikingly similar to section 579 of the ADRA, which reads "[t]he parties to the arbitration are entitled . . . to cross-examine witnesses appearing at the hearing." 5 U.S.C. § 579. Plaintiff's second claim, "[t]he Arbitrator refused to hear evidence material to the controversy," is similar to section 10 of the FAA that allows a district court to vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy…." 9 U.S.C. § 10. Plaintiff's third and final claim, "[t]he Arbitrator allowed the award to be obtained by corruption, fraud, or other undue means," is nearly identical to the FAA provision allowing an award to be vacated "where the award was procured by corruption, fraud, or undue means…." *Id.*
   [5] The ADRA is improperly cited and not applicable to this suit.

KXAN-TV Defendants first argue that federal question jurisdiction is present under the well-pleaded complaint rule because Plaintiff seeks to vacate the Award under the FAA. "[I]t is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir. 2004); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. . . . [I]t does not create any independent federal question jurisdiction . . . ."). Therefore, the FAA cannot be a basis for federal question jurisdiction and "there must be . . . some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n.32.

KXAN-TV Defendants next argue federal question jurisdiction is present because Plaintiff seeks to relitigate his ADA and FMLA[6] arbitration claims before "this court." Dkt. #31 at 2. In support, KXAN-TV Defendants contend that the Complaint's Introduction defines Plaintiff's claims as claims based on the ADA and Plaintiff's Prayer asks the court for permission to bring these "claims in this Court." Dkt. #31 at 1-2. However, as stated above, Plaintiff's well-pleaded complaint only pleads that he seeks to have the Award, and possibly the Arbitration Clause itself, vacated under the TAA and FAA. First, the relevant part of the Prayer KXAN-TV Defendants cite to states that Plaintiff seeks the following relief:

> Including, but not limited to voiding the arbitration clause in Plaintiff's employment contract which evidence will show was obtained by fraud and allowing Plaintiff to pursue *relief in the courts* as allowed by the accompanying right to sue letter issued by the Texas Workforce Commission. **(Exhibit L)**

---

[6] In the Award, the arbitrator acknowledged that Plaintiff's Demand for Arbitration only explicitly stated a claim under the ADA. Dkt. #3-1 at 30. However, the arbitrator continued that because both parties presented evidence on additional claims during the hearing, including an FMLA retaliatory discharge claim, she would "consider[] each of these claims." *Id.* at 30, 33.

6

Dkt. #3-2 at 83 (emphasis added). The "courts" Plaintiff wishes to relitigate in if the arbitration clause is vacated, as shown in the letter issued by the Texas Workforce Commission, are state courts.[7] Accordingly, Plaintiff's pleadings do not seek to re-litigate federal claims in *this* court or in *this* proceeding. Second, the Introduction cited by KXAN-TV Defendants recaps the arbitration's underlying subject,[8] it does not introduce nor define Plaintiff's claims for this suit. Dkt. #3-2 at 74. Plaintiff first states his current claims in the section immediately preceding the Introduction, where he articulates his three grounds for vacating the Award under the FAA and TAA. *Id.*

In support of federal question jurisdiction, KXAN-TV Defendants also refer the court to Plaintiff's assertion that "federal statutes" were violated during arbitration. Dkt. #31 at 1.  The passage of Plaintiff's Complaint cited by KXAN-TV Defendants states, "[t]he arbitrator's failure to allow Plaintiff to cross-examine this crucial witness, and to allow her testimony to go unchallenged, violated state, federal statutes and arbitration rules, thus impairing the 'fundamental fairness' of the proceeding." Dkt. #3-2 at 79. This assertion ends a passage citing only the FAA, TAA, arbitration rules and regulations,[9] and the inapplicable ADRA. There is no other mention or allusion to any other federal laws, including the ADA or FMLA. The only "federal statute[]" properly pleaded by pro se Plaintiff is the FAA, and the FAA is not an independent basis of subject-matter jurisdiction.

KXAN-TV Defendants last contend that Plaintiff's Motion to Disqualify opposing counsel shows that Plaintiff is again trying to litigate his arbitrated ADA and FMLA claims in this court.

---

[7] The Texas Workforce Commission letter states that "this notice is to advise [Plaintiff] of your right to bring a private civil action *in state court* in the above-referenced case." Dkt. #3-1 at 75 (emphasis added).

[8] "The fundamental issues before the arbitrator in CASE NO. 01-17-0007-4347 were Defendant's failure to make reasonable accommodations under the Americans with Disabilities Act, allegations of retaliatory discharge and breach of employment contract." Dkt. #3-2 at 74.

[9] Plaintiff cites and quotes the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures, rules and guidelines promulgated by the AAA, not federal laws.

Forgoing the fact that the motion was filed after this case was removed, Plaintiff contends that opposing counsel, William Davis, should be disqualified because:

> Davis was overheard, and unintentionally recorded, by Plaintiff on December 15, 2017 orchestrating and perpetrating the "corruption, fraud, or undue means" activity which permits this Court to vacate the arbitrator's award in this matter as stated in the *Federal Arbitration Act* (9 U.S.C. § 10) *as outlined in Plaintiff's original petition*.

Dkt. #10 at 1 (emphasis added). This quote illustrates that Plaintiff does not seek to "call defense counsel as a witness at trial in this Court" for the purpose of relitigating his ADA or FMLA claims, but instead to vacate the Award under the FAA.[10] *See* Dkt. #31 at 2.  Accordingly, the case as pleaded does not ask this court to relitigate the matters settled in arbitration; it asks the court only to vacate the Award. In other words, Plaintiff's Complaint does not arise under any federal laws other than the FAA.

The court notes and rejects Defendants' request that this court look to Plaintiff's Requests for Production as "other papers" establishing federal question jurisdiction. The Fifth Circuit has explained that where the original complaint presents no grounds for removal, under 28 U.S.C. § 1446(b) "the defendant has 30 days after it receives a copy of 'other paper[s] from which it may first be ascertained' that the case is or has become removeable" to remove the case. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing 28 U.S.C. § 1446(b)). Accordingly, other papers for the purposes of this inquiry cannot be filed after removal. *See Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 761 (5th Cir. 2000) (one issue before the court being whether the defendant "removed within thirty days *after* receiving that [other] paper") (emphasis added). Here, the other papers KXAN-TV Defendants rely upon are Plaintiff's Requests for

---

[10] As stated, the FAA cannot provide a basis for federal question jurisdiction. *Smith*, 360 F.3d at 505.

Production, *see* Dkt. #19, papers filed over five months *after* the case was removed. Accordingly, subject-matter jurisdiction is not proper based on KXAN-TV Defendants' other papers argument.

### 2.   *Jurisdiction under the look-through doctrine*

Although there is no federal question "on the face of the plaintiff's properly pleaded complaint," some courts have found federal question jurisdiction in FAA suits based on the look-through approach. *Vaden v. Discovery Bank*, 556 U.S 49, 62 (2009) (holding the look-through approach applied to section 4 of the FAA). Section 4 of the FAA provides that a district court may compel arbitration if, "*save for such* [*arbitration*] *agreement*, [it] would have jurisdiction under title 28, in a civil action . . . arising out of the controversy between the parties." 9 U.S.C. § 4 (emphasis added).  Largely based on the statute's text, the Supreme Court in *Vaden* held that "a court may 'look through' a [section] 4 petition to determine whether it is predicated on an action that 'arises under' federal law." *Vaden*, 556 U.S. at 62. Therefore, in determining whether jurisdiction exists under section 4, "the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." *Id.* (quoting 9 U.S.C. § 4). As the Court restated, "a party seeking to compel arbitration may gain a federal court's assistance only if, 'save for' the agreement, the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court." *Id.* at 66.

Notably, the Supreme Court's holding is limited to motions to compel arbitration under section 4, and neither the Supreme Court nor the Fifth Circuit have spoken on whether the jurisdictional look-through approach applies to sections 9 through 11, which address conforming, vacating, or modifying an award. Furthermore, the circuit courts that have weighed in on this question are split. *See McCormick v. Am. Online, Inc*., 909 F.3d 677 (4th Cir. 2018) (holding the jurisdictional look-through approach applies to 10 and 11); *Ortiz-Espinosa v. BBVA Sec.*

*of P.R., Inc.*, 852 F.3d 36, 42-47 (1st Cir. 2017) (holding the look-through approach applies to sections 9, 10, and 11); *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 255 (3d Cir. 2016) ("a district court may not look through a [section] 10 motion to vacate to the underlying subject matter of the arbitration in order to establish federal question jurisdiction"); *Dorscher v. Sea Port Grp. Sec.*, 832 F.3d 388 (2nd Cir. 2016) (holding the look-through approach applies to section 10 petitions); *Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285, 288 (7th Cir. 2016) (distinguishing *Vaden* and noting that "[n]either [section] 9 nor [section] 10 has any language comparable to that on which the Supreme Court relied in *Vaden*").[11]

The Fifth Circuit has not addressed whether the look-through approach applies outside the context of compelling arbitration under section 4.[12] The undersigned recognizes that section 10 of the FAA does not contain the critical "save for such agreement" language that was central to the Supreme Court's holding in *Vaden*. Section 10 states only that "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration…." 9 U.S.C. § 10. Thus, "while [section] 4 calls for a court to consider whether it would have jurisdiction over the 'subject matter of a suit arising out of the controversy between the parties,' [section] 10 makes no such demands." *Goldman*, 834 F.3d 242.

While proponents of extending the look-through approach contend it would be inequitable to treat post-arbitration motions (section 9 through 11 motions to vacate, confirm, or modify) and

---

[11] The district courts within the Fifth Circuit are likewise split. *See Badgerow v. Walter*, No. CV 19-10353, 2019 WL 2611127 (E.D. La. June 26, 2019) (holding the "[c]ourt will err on the side of assuming that the Fifth Circuit would apply the same jurisdictional standard to a motion to vacate an arbitration award that would apply to a motion to compel arbitration"); *Healthspring Life & Health Ins. Co., Inc. v. Texas Health Mgmt. LLC*, No. 4:18-CV-242, 2018 WL 3105655, at *5 (E.D. Tex. June 25, 2018) (holding the look-through approach does not apply outside section 4).

[12] KXAN-TV Defendants' argument for applying the look-through approach focuses more on the scenario that if the look-through approach applies, Plaintiff's claim has federal question jurisdiction, not on whether the look-through approach should apply to sections 9 or 10 in the first place.

pre-arbitration motions (section 4 motions to compel) differently, this court is persuaded by the rationale of the Seventh Circuit in *Minor*. In analyzing the differences in language and effect of section 4 and section 10 of the FAA, the *Minor* court explained:

> The primary purpose of the [FAA] was "to reverse the centuries of judicial hostility to arbitration agreements, by plac[ing] arbitration agreements upon the same footing as other contracts." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225–26 (1987) (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 510 (1974)). The central federal interest was enforcement of agreements to arbitrate, not review of arbitration decisions. Thus it would be reasonable for Congress to give federal courts the responsibility of ensuring arbitration agreements are upheld in cases where the courts would otherwise have jurisdiction. However, once the arbitration agreement is enforced, there exists no compelling need for the federal courts to be involved, unless a federal question is actually at issue or diversity is established. The central goal of the FAA will already have been addressed, and well-established rules of federal jurisdiction, including the well-pleaded complaint rule, should govern.

*Minor v. Prudential Sec., Inc.,* 94 F.3d 1103, 1107 (7th Cir. 1996).

Because the Fifth Circuit has not applied the look-through approach outside the context of section 4 and "federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this court finds that the look-through approach does not apply to section 10 of the FAA. Thus, in determining federal question jurisdiction, the undersigned will look only to Plaintiff's well-pleaded complaint. As explained above, there is no suitable federal question presented on the face of Plaintiff's Complaint. Accordingly, the court lacks subject-matter jurisdiction and the undersigned recommends this case be remanded to the state court from which it was removed.

The undersigned **RECOMMENDS** that the District Court **NOT REACH** the parties' respective motions but instead **REMAND** the case to the 345th Judicial District Court of Travis County for lack of subject matter jurisdiction.

### III.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED October 25, 2019                    _____

MARK LANE
UNITED STATES MAGISTRATE JUDGE